**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.S.**

**No. 22-0508** (Kanawha County 21-JA-595)

**MEMORANDUM DECISION**

Petitioner Mother K.S.[1] appeals the Circuit Court of Kanawha County's June 2, 2022, order terminating her parental rights to J.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October of 2021, the DHHR filed a petition alleging that petitioner and her live-in boyfriend were abusing substances, which impacted their ability to parent and supervise J.S. The DHHR further alleged hygienic, nutritional, and medical neglect of J.S. That same month, having found probable cause for the child's removal, the circuit court ordered petitioner to participate in services such as random drug screens, parenting education classes, adult life skills classes, and supervised visits with J.S. at the guardian's discretion.

The circuit court held contested adjudicatory hearings in November and December of 2021. The DHHR presented the testimony of DHHR workers, police officers, and the nonabusing father of J.S. The DHHR worker stated that at the time of J.S.'s removal, petitioner's home lacked electricity and running water, and that petitioner's paramour appeared to be under the influence of drugs. A police officer testified that during a traffic stop in the fall of 2021, he found a syringe of methamphetamine at petitioner's feet in the car where she was a passenger and that she appeared to be under the influence of drugs. The DHHR admitted drug screens for petitioner's paramour into the record showing positive screens for methamphetamine on November 30, 2021, and December 1, 2021. The nonabusing father testified that J.S. often went without his medications while in petitioner's care and that J.S. was always filthy when he returned from staying with

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Bryan B. Escue appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

petitioner. The father also stated that he observed petitioner to be under the influence of drugs when he regularly interacted with her. Petitioner testified that she and her paramour did not abuse illicit substances and generally denied all allegations of abuse and neglect. Based upon this evidence, the circuit court adjudicated petitioner as an abusing parent and ordered petitioner to continue participating in services. In January of 2022, petitioner filed a motion for a post-adjudicatory improvement period.

In March of 2022, the circuit court held a contested dispositional hearing, during which the DHHR presented evidence that petitioner failed to comply with services by ceasing drug screening on November 23, 2021, failing to stay in contact with DHHR workers, not participating in adult life skills and parenting education classes. Furthermore, she did not have visits with J.S. due to her noncompliance. The court denied petitioner's motion for a post-adjudicatory improvement period. Ultimately, the court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the child's welfare to terminate petitioner's parental rights. The circuit court terminated petitioner's parental rights by its June 2, 2022, order. Petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. *See* Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. However, petitioner concedes in her brief that she was offered services after the preliminary hearing but "did not fully comply." She also acknowledges that she failed to participate in parenting and adult life skills classes and ceased drug screening on November 23, 2021. Due to petitioner's lack of compliance with these services, she was precluded from exercising visitation with the child. Thus, petitioner fails to prove by "clear and convincing evidence, that [she was] likely to fully participate in the improvement period." *See* W. Va. Code § 49-4-610(B). In support of her argument, she presented only her self-serving testimony that she was likely to participate in an improvement period in the future despite the evidence that she failed to comply with existing services. "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Upon the evidence presented, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Further, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner contends that the termination of her parental rights was unwarranted because J.S. was placed in the care of the nonabusing father. However, we have repeatedly held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her

---

[3]J.S. achieved permanency when the circuit court granted the nonabusing father full legal and physical custody.

conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id*. Most importantly, petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of a parent's parental rights upon such findings). Petitioner failed to comply with her case plan, and there was no evidence presented that petitioner attempted to correct her substance abuse addiction or parenting deficiencies during the proceedings. Moreover, "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's findings are fully supported by the record, we find no error in the termination of petitioner's parental rights rather than the imposition of a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 2, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: March 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3